**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

LEROY HARVEY,

        Petitioner,

        v.

WARDEN PHILIP HALL,

        Respondent.

CIVIL ACTION NO.: 6:16-cv-17

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Leroy Harvey ("Harvey"), who is currently incarcerated at Calhoun State Prison in Morgan, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence obtained in the Evans County, Georgia, Superior Court. (Doc. 1.) Respondent filed an Answer-Response and a Motion to Dismiss. (Docs.7, 8.) Harvey failed to file a Response to the Motion to Dismiss, despite being directed to file a Response within twenty-one days of the Court's April 22, 2016, Order. (Doc. 10.) For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Harvey's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Harvey *in forma pauperis* status on appeal and a Certificate of Appealability.

### BACKGROUND

Harvey pleaded guilty to two counts of the sale of cocaine and one count of obstruction of a law enforcement officer in the Evans County, Georgia, Superior Court on November 30, 2011. He was sentenced to 15 years' imprisonment on this same date. (Doc. 1, p. 1.) Harvey did not file a direct appeal.

Harvey filed an application for writ of habeas corpus in the Calhoun County Superior Court on May 3, 2013. (Doc. 9-3.) The Calhoun County Superior Court denied Harvey's application by order dated July 9, 2015. (Doc. 9-4.) Harvey filed an appeal with the Georgia Supreme Court, and the Georgia Supreme Court dismissed Harvey's appeal as untimely because he failed to file either a notice of appeal or a certificate of appeal by August 10, 2015, or within thirty days of the Calhoun County Superior Court's order. (Doc. 9-5.) Harvey executed hisSection 2254 Petition on February 3, 2016, and it was filed in this Court on February 16, 2016. (Doc. 1.)

## DISCUSSION

In his Petition, which was executed on February 3, 2016, Harvey states his trial counsel was ineffective because he failed to move for dismissal of the indictment against him on speedy trial grounds. (Id. at p. 5.) Harvey requests that his case be remanded to state court for a determination of whether his right to a speedy trial was violated. (Id. at p. 14.)

Respondent contends Harvey untimely filed his Section 2254 Petition because he did not file it within one year of his Evans County conviction being "final". Respondent also argues that Harvey is not entitled to equitable tolling of the applicable statute of limitations period. (Doc. 8, pp. 1–2.) Despite being advised of the Motion to Dismiss, and his obligation to respond, Harvey has not filed any response to Respondent's Motion. The Court now addresses Respondent's contentions.

## I.    Whether Harvey Timely Filed his Petition

Because Respondent raises the issue of the timeliness of Harvey's Petition, this Court must look to the applicable statute of limitations periods. A petitioner seeking to file a federal

habeas petition has one year within which to file their petition.  28 U.S.C. § 2244(d)(1).  The

statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Harvey's conviction became final at the time of his completion of the direct review

process or when the time for seeking such review became final.  28 U.S.C. § 2244(d)(1)(A);

Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000).  Harvey was convicted in the Evans

County Superior Court on November 30, 2011, and he was sentenced on the same date.  (Doc. 1,

p. 1.)  Harvey had a period of thirty (30) days to file a notice of appeal.  O.C.G.A. § 5-6-38(a)

("A notice of appeal shall be filed within 30 days after entry of the appealable decision or

judgment complained of[.]").  Harvey did not file an appeal, and thus, his conviction was final on

December 30, 2011.  Because Harvey's conviction became final on December 30, 2011, he had

one year from that date in which to file a timely federal habeas petition.  28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending."  28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849

(11th Cir. 2008).  "[A]n application is pending as long as the ordinary state collateral review

process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to Section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, Harvey's conviction became final on December 30, 2011. He had one year from that date, or until December 31, 2012,[1] to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for State post-conviction or other collateral review. Harvey filed his state habeas corpus petition on May 3, 2013, more than sixteen (16) months after his conviction became final. By that time, the statute of limitations period applicable to Section 2254 petitions had expired. Consequently, the filing of his state habeas corpus petition did not toll the federal statute of limitations. On its face, Harvey's Petition was filed untimely. However, it must now be determined whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his Section 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007)

---

[1] Harvey's one-year statute of limitations period ended on December 29, 2012, which was a Saturday. Thus, this period was extended to the next business day, which was December 31, 2012. Fed. R. Civ. P. 6(a)(1)(C) (In computing time expressed in days, the last day of that time period is included. If the last day is a Saturday, Sunday, or legal holiday, the time period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

(citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Harvey sets forth no assertion that he is entitled to equitable tolling of the statute of limitations. To be sure, Harvey offers no reason why he waited more than sixteen (16) months after his state court conviction was final to file a state habeas corpus petition. In fact, Harvey utterly failed to even respond to Respondent's contention that his Section 2254 Petition was filed untimely and that he is not entitled to equitable tolling. Accordingly, Harvey is not entitled to equitable tolling.

For all of these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Harvey's Petition as untimely filed.

## II. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Harvey leave to appeal *in forma pauperis*, and deny him a Certificate of Appealability ("COA"). Though Harvey has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196,

1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." <u>Miller-El</u>, 537 U.S. at 336.

Based on the above analysis of Harvey's Petition and Respondent's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Harvey *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 8), **DISMISS** Harvey's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Harvey leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Harvey and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of September, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA